This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41251

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**STEPHEN F.,**

Respondent-Appellant,

and

**KANDICE C.,**

Respondent,

**IN THE MATTER OF BRISEIS F.
and VAELEIGH F.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Court Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

ChavezLaw, LLC
Rosenda Chavez-Lara
Sunland Park, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}**     Respondent Stephen F. (Father), appeals the district court's adjudicatory judgment and dispositional order (adjudicatory judgment) in which the district court found that the subject minor Children were neglected as to Father and were abandoned children under NMSA 1978, Section 32A-4-2(G)(1) (2018, amended 2023). Father contends that the district court lacked jurisdiction over this matter, and further asserts that Petitioner Children, Youth & Families Department (CYFD), failed to prove by clear and convincing evidence that Children were abandoned by Father. Resolving the second issue—which we conclude is dispositive—in favor of Father, we reverse the district court's adjudication under Section 32A-4-2(G)(1) and do not render a conclusion as to Father's first point of appeal.

**{2}**     "[T]his Court [has] jurisdiction to hear appeals of abuse and neglect adjudications because such determinations are sufficiently final to justify our review," and we will maintain jurisdiction to consider such appeals assuming that "th[e] appeal is not made moot by further actions of the district court." *State ex rel. Child., Youth & Fams. Dep't v. Shawna C.*, 2005-NMCA-066, ¶ 2, 137 N.M. 687, 114 P.3d 367. Here, the district court ordered dismissal of the case in its stipulated dismissal due to reunification (dismissal order), in which the district court stated that all parties, having participated in mediation, "stipulated to the dismissal on the grounds that it is the best interests of [C]hildren to be returned to their mother . . . as she is willing to take and care for [C]hildren, thus curing the abandonment that brought [C]hildren into care." In response to our order to show cause as to why this appeal is not rendered moot by the district court's dismissal of the underlying case, Father contends that the underlying neglect adjudication, though dismissed, can create a "stain" on his record that could negatively affect his resources, future employment, and reputation. Moreover, Father argues persuasively that the adjudication could potentially affect future interactions with child welfare agencies regarding his other children.

**{3}**     This Court has previously recognized that an "adjudication of neglect could adversely affect [a parent] in the future." *State ex rel. Child., Youth & Fams. Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 14, 141 N.M. 299, 154 P.3d 674. Moreover, this Court has clarified that (1) previous evidence of neglect may affect subsequent considerations as to a child's custody, *State ex rel. Child., Youth & Fams. Dep't v. Michelle B.*, 2001-NMCA-071, ¶ 24, 130 N.M. 781, 32 P.3d 790; and (2) "prior harm to other children may

properly be considered as relevant to neglect or abuse of a different child." *Shawna C.*, 2005-NMCA-066, ¶ 26. In light of these authorities—as well as Father's demonstration that this matter warrants further resolution on such basis—we turn to the merits of Father's appeal.

**{4}** "The standard of proof in an abuse or neglect adjudication is clear and convincing evidence that the child was abused or neglected." *Amanda H.*, 2007-NMCA-029, ¶ 19; *see also* NMSA 1978, § 32A-4-20(H) (2014) (specifying that "[i]f the [district] court finds on the basis of a valid admission of the allegations of the petition or on the basis of clear and convincing evidence, competent, material and relevant in nature, that the child is neglected," the district court shall enter an order with such finding and proceed "to make disposition of the case"). "For evidence to be clear and convincing, it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition." *Amanda H.*, 2007-NMCA-029, ¶ 19 (internal quotation marks and citation omitted). "The function of the appellate court is to view the evidence in the light most favorable to the prevailing party, and to determine therefrom if the mind of the factfinder could properly have reached an abiding conviction as to the truth of the fact or facts found." *State ex rel. Child., Youth & Fams. Dep't v. Lance K.*, 2009-NMCA-054, ¶ 16, 146 N.M. 286, 209 P.3d 778 (internal quotation marks and citation omitted).

**{5}** Here, CYFD alleged in its abuse and neglect petition that Children were neglected by Father under Section 32A-4-2(G)(1) because they had been abandoned by Father and Children's mother, who is not a party to this appeal. CYFD further alleged, in pertinent part, that Father knew Children were in CYFD custody but "failed to pick up [C]hildren and/or . . . failed to make arrangement[s] to have [C]hildren picked [up] by other responsible individual(s), all without justifiable cause." Under Section 32A-4-2(G)(1) of the Children's Code, a "neglected child" is one "who has been abandoned by the child's parent, guardian, or custodian." Under Section 32A-4-2(A)(2), "abandonment" is defined, in pertinent part, as including "instances when the parent, without justifiable cause . . . left the child with others, including the other parent or an agency, without provision for support and without communication for a period of . . . six months if the child was over six years of age at the commencement of" the period of alleged abandonment. Following our review of the briefing and record in this case, we are unpersuaded that the adjudicatory judgment was supported by clear and convincing evidence. We explain.

**{6}** First, the timeline of events preceding CYFD's petition against Father occurred as follows: on December 24, 2022, CYFD received an emergency report regarding allegations of injuries to Children. CYFD stated that, following interviews with Children, "no disclosures of abuse or neglect were found." On December 26, 2022, CYFD was alerted by Father that Children, both then fifteen years old, ran away. Children were taken into CYFD custody two days later, on December 28, 2022, and CYFD filed the petition against Father on December 30, 2022. These facts—amounting to, at most, a potential period of alleged abandonment lasting seven days—do not support an adjudication of neglect by abandonment.

**{7}**      Indeed, the factual timeline in this case does not comport with the required period of time for abandonment under Section 32A-4-2(A)(2), or any other relevant provision of Section 32A-4-2(A). *See* § 32A-4-2(A)(1) (setting forth the required period of time in instances of alleged abandonment where a parent, without justifiable cause, has "left the child without provision for the child's identification for a period of fourteen days"); *see also* § 32A-4-2(A)(2)(a) (setting forth the requisite three-month period in instances where a child is under six years of age at the commencement of the period of alleged abandonment, which is inapplicable to this case given the age of Children). While neither CYFD's petition nor the district court's adjudicatory judgment specify under which subsection of Section 32A-4-2(A) the abandonment allegations against Father arise, the requisite periods of time under any of the respective subsections are not satisfied by the facts underlying this appeal. Even viewing the evidence in the light most favorable to CYFD, we conclude that the facts of this case—specifically the timeline of events leading to the allegations against Father—fail to satisfy the requirements of Section 32A-4-2(A).

**{8}**      Second, CYFD argues that Section 32A-4-2(A) provides a broad and nonexhaustive definition of "abandonment," such that the timeline of events in this case does not preclude an adjudication of neglect by abandonment, and contends that the adjudicatory judgment may be affirmed based on application of the objective test for abandonment that this Court has relied on in appeals related to the termination of a party's parental rights. *See In re C.P.*, 1985-NMCA-102, ¶ 18, 103 N.M. 617, 711 P.2d 894; *In re I.N.M.*, 1987-NMCA-043, ¶¶ 33-34, 105 N.M. 664, 735 P.2d 1170. This two-part objective test for abandonment "requires proof of parental conduct that implies a conscious disregard of parental obligation" as well as "evidence that the parent-child relationship was destroyed by the parental conduct." *In re C.P.*, 1985-NMCA-102, ¶ 18. Here, even if we were to assume without deciding that (1) Section 32A-4-2(A) sets forth the expansive definition of "abandonment" asserted by CFYD, and (2) the objective test for abandonment in the context of termination of parental rights proceedings may be applied in the context of neglect adjudication proceedings, the record does not demonstrate that the adjudicatory order is supported by clear and convincing evidence that the parent-child relationship was destroyed. We note that while the record amply demonstrates discord and tension among Father's family, we are not convinced that CYFD presented sufficient evidence regarding the destruction of the relationship between Father and Children to now, on appeal, rely on such a theory to argue in support of the adjudicatory order. *State ex rel. Child., Youth & Fams. Dep't v. Scott C.*, 2016-NMCA-012, ¶ 14, 365 P.3d 27 (specifying that CYFD has the burden of proof in an abuse and neglect proceeding). With a record that is silent on the objective question of whether the parent-child relationship was destroyed, we are unable to view any such assertion thereabout as "instantly tilt[ing] the scales" in favor of affirming the adjudicatory judgment on such theory. *Amanda H.*, 2007-NMCA-029, ¶ 19. We therefore conclude that the adjudicatory order is not supported by clear and convincing evidence as to either the timing requirements of Section 32A-4-2(A) or the destruction of the parent-child relationship.

**{9}**     We note that our conclusion in this regard is unaffected by the jurisdictional issues raised in this case, namely the question of whether the district court had jurisdiction over this matter under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), NMSA 1978, §§ 40-10A-101 to -403 (2001). Under Section 40-10A-204(a) of the UCCJEA, a state may exercise "temporary emergency jurisdiction if the child is present in this state and the child has been abandoned." Under Section 40-10A-102(1) of the UCCJEA, "abandoned" is defined as "left without provision for reasonable and necessary care or supervision." Unlike Section 32A-4-2(A), the UCCJEA does not require a minimum duration of any alleged abandonment.

**{10}**     This distinction among the relevant statutes notwithstanding, even if we were to assume, without deciding, that the district court properly exercised emergency jurisdiction over this matter as provided by the UCCJEA, both CYFD's petition as well as the district court's adjudicatory judgment arose under Section 32A-4-2(G)(1)—and implicitly under Section 32A-4-2(A), which explicitly provides requisite minimum periods of time in which alleged abandonment is said to have occurred. Indeed, the district court's adjudicatory order does not refer to its jurisdiction arising under the UCCJEA, nor does it premise its adjudication on any provision therein. While we need not consider the UCCJEA in relation to relevant sections of the New Mexico's Children Code—as such is not demanded of us in light of our above resolution based on a lack of clear and convincing evidence, *see Amanda H.*, 2007-NMCA-029, ¶ 19—we cannot overlook that the requirements set forth by Section 32A-4-2(A) were simply not satisfied in the proceedings below.

**{11}**     We hold that the district court's adjudicatory judgment was not supported by clear and convincing evidence and must be reversed. Based on the reasoning provided by Father and articulated above, we specify that reversal is required in this case despite the district court's dismissal order and direct the district court to vacate the adjudicatory judgment. Although the district court specified in its dismissal order that the post-mediation reunification of Children with their mother "cur[ed] the abandonment that brought [C]hildren into care," dismissal of the case is an insufficient resolution to this matter considering the deficient evidentiary support underpinning the adjudicatory judgment and petition. Indeed, based on CYFD's affidavit supporting its petition against Father and the lack of evidence therein as to the requisite period of alleged abandonment, this matter should never have been pursued as a neglect by abandonment action under Section 32A-4-2(A), (G)(1).

**CONCLUSION**

**{12}**     For the above reasons, we reverse the district court's adjudicatory judgment and direct such judgment be vacated by issuance of a written order.

**{13}   IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, Sitting by designation**